[Civ. No. 62369. Second Dist., Div. One. Oct. 29, 1981.]

THE PEOPLE ex rel. AIR RESOURCES BOARD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; WESTERN OIL AND GAS ASSOCIATION et al., Real Parties in Interest.

COUNSEL

George Deukmejian, Attorney General, R. H. Connett, Assistant Attorney General, Walter E. Wunderlich and Joel S. Moskowitz, Deputy Attorneys General, for Petitioner.

No appearance for Respondents.

McCutchen, Black, Verleger & Shea, Philip K. Verleger, Jack D. Fudge, Michael L. Hickok and Gregory R. McClintock for Real Parties in Interest.

OPINION

DALSIMER, J.—

### PROCEDURAL HISTORY

The People of the State of California ex rel. State of California Air Resources Board (CARB) petitioned this court for a writ of prohibition directed to the Superior Court of the State of California in and for the County of Los Angeles and Eugene E. Sax, as judge pro tempore of the superior court, respondents (respondents). Western Oil and Gas Association, a nonprofit corporation et al., are the real parties in interest (WOGA). We denied the petition without hearing. The Supreme Court granted CARB's petition for hearing and transferred the matter to itself. It then retransferred the case to this court, directing us to "issue an alternative writ of mandate commanding the Los Angeles County Superior Court to vacate all of its orders in action No. C-246284, entitled Western Oil and Gas Association et al. v. California Air Resources Board, made subsequent to the referral to the Chairperson of the Judi-

cial Council of the declaration of disqualification of Honorable Eugene E. Sax, judge pro tempore, filed in that action, or to show cause before the Court of Appeal why it should not do so in light of Code of Civil Procedure section 170, subdivision 5. [¶] Pending final action by the Court of Appeal pursuant to this order, all further proceedings in the foregoing action No. C-246284, are hereby stayed." We issued the alternative writ of mandate as directed on August 31, 1981.

### FACTUAL BACKGROUND

WOGA is the plaintiff in action number C 246284 filed against CARB in the respondent superior court. This underlying action is a petition for a writ of mandate wherein WOGA challenged certain regulations adopted by CARB. Respondent Eugene E. Sax, a retired judge of the superior court, was stipulated to by the parties as judge pro tempore to hear and determine the underlying matter. The stipulation provided that Judge Sax was to be paid for such service at the rate of $100 per hour. Subsequently, on December 31, 1980, Judge Sax entered judgment on behalf of WOGA and issued a writ of mandate compelling CARB to repeal certain air quality standards. CARB's appeal from that judgment is currently pending before this court.

On January 28, 1981, WOGA filed a motion pursuant to Code of Civil Procedure section 1110b (hereafter 1110b motion) requesting an order that CARB be ordered to repeal its regulations immediately, notwithstanding the pending appeal. CARB filed opposition to the motion upon the ground, inter alia, that the stipulation that Judge Sax serve as judge was limited to those matters specified in the original proceedings and did not include postjudgment proceedings and that the hearing of the 1110b motion must be before an active judge of the respondent court. CARB, in March 1981, filed a declaration pursuant to Code of Civil Procedure section 170, subdivision 1, alleging that Judge Sax was disqualified from ruling on its objection to his hearing the 1110b motion because he had a financial interest therein in that he would be paid $100 per hour to hear and determine the motion if he ruled that he did have jurisdiction. Within the statutory period, Judge Sax filed an answer denying his disqualification, and in compliance with the provisions of Code of Civil Procedure section 170, subdivision 5, the matter was ultimately referred to the Chairperson of the Judicial Council for the assignment of another judge to hear the question of the disqualification of Judge Sax. The Chairperson of the Judicial Council has not to this date made such an assignment. Respondent superior court subsequently

assigned Judge Hupp to hear the question whether Judge Sax had jurisdiction to hear the 1110b motion. At this juncture CARB filed its petition for a writ of prohibition in this court. While the matter was pending before the Supreme Court, respondent superior court on motion of WOGA assigned the case to Judge Older to be heard by him on or about July 27, 1981, if by that time the claimed disqualification of Judge Sax was not resolved. During the hiatus between the denial of CARB's petition in this court and the issuing of a stay by the Supreme Court, Judge Hupp, after hearing, ruled that Judge Sax does have jurisdiction to rule on the 1110b motion. No further proceedings have occurred since the Supreme Court stay order was issued.

DISCUSSION

In its opposition to the writ of mandate, WOGA has called to our attention the fact that in the answer of Judge Sax to the declaration of disqualification filed by CARB, Judge Sax denied that he was disqualified, but nevertheless consented that the matter be heard by some other judge. Pursuant to our request, counsel has lodged with this court a certified copy of the "ANSWER OF EUGENE E. SAX, TEMPORARY JUDGE, UNDER C.C.P. § 170" in action number C 246284. On page 7 of his answer, Judge Sax states, "However, not withstanding [*sic*] the foregoing, if all of the parties wish to stipulate to have another judge hear and determine either or both the issue of my jurisdiction to hear plaintiffs' § 1110b motion and the issue of plaintiffs' said motion itself, I have no objection thereto." WOGA suggests to this court that the hearing on the 1110b motion be transferred by respondent superior court to some other judge in view of the consent by Judge Sax that such action be taken.

CARB insists that there is in fact no consent by Judge Sax because his statement is conditional, and thus equivocal, because Judge Sax stated, "... if all of the parties wish to stipulate to have another judge ... I have no objection thereto." This court does not interpret Judge Sax' offer to be conditional, but rather to be merely his manner of expressing his lack of objection to the assignment of the matter to another judge. In any event, the posture of the case at this time is that the only objection to going forward with the motion here involved emanates from CARB. The respondent court has indicated its willingness to go ahead with the case, the challenged judge has indicated his lack of objection thereto, and WOGA is striving mightily to have its motion heard.

CARB vigorously opposes any action by this court which would render unnecessary the appointment by the Chairperson of the Judicial Council of a judge to hear and determine the claimed disqualification of Judge Sax. While CARB steadfastly maintains that it is seeking to expedite the final resolution of the underlying case and states in support of such contention that it has filed the appellant's opening brief almost two weeks before its due date without obtaining any extensions of time, it does not manifest any desire to expedite the hearing on the 1110b motion. On the contrary, it would seem that the sole purpose of CARB in the proceedings now before this court is to impede the hearing on that motion. It strains our credulity to have counsel for CARB proclaim its desire to protect Judge Sax from "unfounded and scurrilous charges" by requiring that the transference to another judge be precluded until its own claim of disqualification is resolved.

The argument by CARB that the statutory provisions of Code of Civil Procedure section 170 must be rigidly adhered to and that a judge cannot at the same time allege that he is not disqualified and yet consent to the matter being transferred to another judge was laid to rest by the California Supreme Court more than 50 years ago. "When this cause came on for trial, objection was made to proceeding before the judge who had taken and entered the pleas, upon the ground that he was biased and prejudiced against the defendant. The judge filed a denial of bias or prejudice, but, upon the ground that he desired to avoid arresting the trial by a protracted hearing with reference to his qualifications, and in order that the cause might be heard and determined with the least possible delay, consented to retire from the case. The presiding judge thereupon made and caused to be entered an order that the trial proceed before another judge of the superior court . . . . The procedure followed was in strict accord with the terms of the constitutional provision, *supra*, and with section 170 of the Code of Civil Procedure." (*People* v. *Hickman* (1928) 204 Cal. 470, 480 [268 P. 909]; also see *Stern* v. *Stern* (1948) 83 Cal.App.2d 608 [189 P.2d 536].)

The Supreme Court again dealt with this matter in *Donovan* v. *Superior Court* (1952) 39 Cal.2d 848 [250 P.2d 246], wherein petitioners sought to annul a judgment of contempt levied against them by the superior court. Petitioners contended that Judge Bartlett, who heard the contempt proceedings, was without jurisdiction because of an affidavit alleging the disqualification of Judge Rhodes having been filed and not having been disposed of in the manner prescribed by section 170 of the

Code of Civil Procedure. After another judge in a different department denied petitioners' motion for disqualification of Judge Rhodes, the matter came on for hearing before Judge Bartlett. The court stated, "... even if it be assumed that no disposition had been made of the proceedings relating to the disqualification of Judge Rhodes, it does not appear that there was a lack of jurisdiction on the part of Judge Bartlett to proceed...." (*Id.*, at p. 853.) The court then quoted a portion of paragraph six of subdivision 5 of section 170 of the Code of Civil Procedure, "'... provided, however, that when there are two or more judges of the same court, one of whom is disqualified, the action or proceeding may be transferred to a judge who is not disqualified.'" (*Id.*, at p. 854.) The court then stated, "This proviso was no doubt intended to provide a simple and expeditious method for the disposition by admittedly qualified judges of cases in which claims of disqualification might be made in courts having two or more judges. We are of the opinion that this proviso should be construed to permit the transfer of a cause to a qualified judge of the same court in *any case* in which a claim of disqualification may be made against one of the other judges, and that its operation *should not be confined* to cases where actual disqualification has been either admitted or determined after a hearing. [Citation.]" (*Ibid.*, italics added.)

■ We have thus reached the following conclusions. A party challenging a judge for cause has no right to demand that the lawsuit be derailed in order to provide his targeted judge an opportunity for vindication. The only legitimate interest of a party who claims that a judge is disqualified is to obtain a qualified judicial officer. If the challenged judge insists upon a hearing, as he has a right to do, the only function of the challenging party is to demonstrate at the hearing, if he can, that his challenge was based on substance and was not merely a dilatory tactic.

The purpose of Code of Civil Procedure section 170 is to insure an impartial and unbiased judicial proceeding; it is not a mere procedural device enacted for the benefit of reluctant litigants seeking to avoid a day of reckoning.

A writ of mandate shall issue directing respondent superior court to vacate all orders made in case number C 246284 subsequent to the referral to the Chairperson of the Judicial Council of the declaration of disqualification of the Honorable Eugene E. Sax, judge pro tempore, with the exception of the order assigning Judge Older to hear the mat-

ter. Respondent Judge Sax is ordered to conduct no further hearings in said case number C 246284 pending a resolution of his qualifications pursuant to Code of Civil Procedure section 170. The stay order issued by the Supreme Court pending final action by this court is, by its terms, dissolved.

Lillie, Acting P. J., and Hanson (Thaxton), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 3, 1981. Bird, C. J., and Tobriner, J., did not participate therein.